AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Lawrence A. Seagraves, Jr.<br><br>Defendant(s) | Case No. 2:19-mj-156 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 27, 2019__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) & (b)(1)(C); and<br>18 U.S.C §§ 922(g)(1) & 924(a)(2) | -Possession with intent to distribute Oxycodone, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance; and<br><br>-Possession of a firearm that traveled in or affected interstate or foreign commerce by a previously convicted felon. |

This criminal complaint is based on these facts:
See Attachment A (affidavit), incorporated here by reference.

☑ Continued on the attached sheet.

_____ Antonio Kelly
Complainant's signature

Antonio Kelly, DEA Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 02/28/2019

_____
Judge's signature

City and state: Columbus, Ohio

Chelsey M. Vascura, U.S. Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN THE MATTER OF THE
CRIMINAL COMPLAINT OF:

LAWRENCE A. SEAGRAVES, JR.

CASE NO. 2:19-mj-156

MAGISTRATE JUDGE VASCURA

### AFFIDAVIT OF ANTONIO KELLY IN SUPPORT OF CRIMINAL COMPLAINT

I, Antonio Kelly, having been duly sworn, depose and state as follows:

1. I have been a Special Agent of the Drug Enforcement Administration ("DEA") since August of 2017. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7). As a Special Agent, I am authorized to conduct investigations, carry firearms, execute warrants, make arrests for offenses against the United States, and perform other such duties as authorized by law.

2. I am a graduate of the DEA Academy, where I received approximately 20 weeks of training, including controlled substances identification, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcements, tactical undercover training, surveillance and electronic monitoring techniques, money laundering investigations, and various forensics subjects including latent finger print collections and analysis. Prior to joining the DEA, I was employed by the Bureau of Prisons in Williamsburg, South Carolina, from March 2008 to August 2016. Prior to that, I held various law enforcement positions, including working in the Charleston County Sheriff's Office in Charleston, South Carolina.

3. During my law enforcement career, I have conducted and participated in numerous investigations involving narcotics trafficking, including investigations involving the possession, manufacture, transportation, distribution, and importation of controlled substances, as well as methods used to finance drug transactions.

4. This affidavit is being submitted in support of an application for a criminal complaint against Lawrence A. SEAGRAVES, Jr. for possession with intent to distribute controlled substances, including but not limited to Oxycodone, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and for being a felon in possession of one or more firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The statements in this affidavit are based upon my training and experience, my personal knowledge of this ongoing investigation, consultation with other experienced investigators and agents, review of related documents, as well as information provided to me by other law enforcement officers. This affidavit is intended to set forth probable cause in support of the criminal complaint and does not purport to set forth all of my knowledge regarding this investigation.

5. Since the spring of 2018, the United States government, including the DEA, has been actively investigating a suspected drug trafficking organization ("DTO") believed to be responsible for distributing multi-kilogram quantities of methamphetamine and heroin, in addition to other controlled substances. Through various investigative efforts, law enforcement agents came to believe that SEAGRAVES participated in this DTO by distributing illegal narcotics in and around central Ohio.

6. Through various investigative efforts, law enforcement officers identified multiple locations in which SEAGRAVES and other suspected members of the DTO distributed these illegal narcotics. One of those locations was a residence at 1017 Bruckner Road, Columbus, Ohio—within the Southern District of Ohio.

7. In December 2018 and January 2019, law enforcement officers conducted surveillance on these locations, including the residence at 1017 Bruckner Road, and observed heavy foot traffic at them, including multiple visits that lasted roughly five minutes or less, which I know from my training and experience to be consistent with drug trafficking.

8. In December 2018 and February 2019, law enforcement officers also conducted traffic stops on individuals leaving these suspected drug-trafficking locations, including the residence at 1017 Bruckner Road. Multiple traffic stops on individuals leaving these locations led to the seizure of illegal narcotics, including the seizure of suspected cocaine and Xanax pills.

9. For example, during a February 6, 2019 traffic stop on a vehicle leaving the residence at 1017 Bruckner Road, officers seized ten suspected Xanax pills from a passenger of that vehicle. When questioned, the passenger indicated that he/she purchased the pills from a white male by the name of "Bub" from a location off of Bruckner Road, and that he/she purchases roughly ten Xanax tablets from "Bub" approximately once a week, for $30, at that location. The passenger provided a physical description of "Bub" as well as a description of the residence on Bruckner Road. Based on the descriptions the passenger provided, DEA agents were able to confirm the identity of "Bub" as SEAGRAVES, and the Bruckner Road location to be 1017 Bruckner Road, Columbus, Ohio.

10. On February 25, 2019, DEA agents applied for and were granted a federal search warrant to search the residence at 1017 Bruckner Road. On February 27, 2019, at approximately 10:00 a.m., DEA agents executed that search warrant and made entry into the residence without incident. Several subjects were present upon entry into the residence, and all subjects not deemed to reside at the residence were released. Agents located SEAGRAVES inside the residence, and he advised agents that he resided at 1017 Bruckner Road with "Lee" (last name unknown).

11. During a search of the residence, agents seized a number of contraband items in a bedroom in which SEAGRAVES was located, including 307 Dosage Units of 30mg Oxycodone tablets—a Schedule II controlled substance; 72 Dosage Unites of 15 mg Oxycodone tablets—a Schedule II controlled substance; 100.4 grams of suspected marijuana—a Schedule I controlled substance; a loaded magazine containing .223/5.56mm rifle ammunition; a box of 9mm pistol ammunition; a tactical ballistic vest ("bullet-proof vest"); and an undetermined amount of U.S. Currency. The Oxycodone tablets and currency were found in the hoody of an orange jacket that SEAGRAVES retrieved and wore when being transported to the DEA Columbus District Office.

12. During a search of the rest of the residence, agents also seized 43.3 grams of an unknown substance located in the living room, as well as the following contraband items, which were found in a separate bedroom: 36.3 grams of suspected cocaine base ("crack")—a Schedule II controlled substance; 37 grams of suspected methamphetamine—a Schedule II controlled substance; 34.1 grams of suspected heroin—a Schedule I controlled substance; assorted Xanax tablets—a Schedule IV controlled substance; Suboxone film; two unidentified orange tablets; and a loaded Glock .22 pistol.

13. During a search of the residence, agents also seized an undetermined amount of U.S. currency from both bedrooms. Based on my training and experience, I know that it is common for drug traffickers to maintain some of the proceeds from their illicit drug sales on their persons and/or in close proximity to them in locations in which they distribute these illegal narcotics. I also know that it is common for drug traffickers to maintain firearms and ammunition on their persons and/or strategic locations of their drug trafficking premises to safeguard both their product and their profits.

14. While searching the residence, agents noticed a red 2003 Honda Pilot parked outside. When agents walked around that vehicle, they observed paperwork in the name of Lelia Seagraves within plain view laying on one of the seats. SEAGRAVES advised agents that the Honda Pilot belonged to his wife. SEAGRAVES also gave consent for agents to search the vehicle. During a subsequent search of the vehicle, agents confirmed that documents with the name Lelia Seagraves were laying on the front passenger seat. In the trunk of the vehicle, agents also discovered the following firearms and ammunition: (1) an Iver Johnson Champion 12 gauge shotgun; (2) a DPMS Panther Arms A-15, .223/5.56mm rifle; and (3) a box of 12 gauge shotgun slugs. As previously stated, I know from my training and experience that drug traffickers commonly maintain firearms and ammunition on their persons and/or in strategic locations with ready access to safeguard both their product and their profits.

15. Agents advised SEAGRAVES of his constitutional rights, which he waived after explaining that he understood those rights. SEAGRAVES then advised agents that "Barb" lives at the residence at 1017 Bruckner Road, but that he had no other knowledge about activities at that house. SEAGRAVES was then transported to the DEA's Columbus District Office for processing. Upon arriving at the Columbus District Office, SEAGRAVES advised Special Agent Janey Crayton that he resides at 1017 Bruckner Road, Columbus, Ohio. SEAGRAVES further advised Agent Crayton that he recently moved to 1017 Bruckner Road from a residence at 1335 County Road 47, Waterloo, Ohio, where he stayed with his wife. SEAGRAVES advised that he was living with a friend at 1017 Bruckner Road. Agent Crayton requested to interview SEAGRAVES, but he requested that an attorney be present for any further discussions. At this time, all questions ceased, and agents continued to process SEAGRAVES.

16. Through a law enforcement database, agents discovered that SEAGRAVES is not the listed owner of the residence located at 1017 Bruckner Road, Columbus, Ohio. That said, based on my training and experience, I know that it is common for drug traffickers to reside at and/or utilize residences for drug trafficking ("stash houses") that are owned or listed in other people's names to avoid detection by law enforcement.

17. SEAGRAVES is prohibited by federal law (18 U.S.C. § 922(g)(1)) from possessing firearms or ammunition based on prior disabling felony convictions for drug trafficking and receiving stolen property. More specifically, he was convicted of drug trafficking (F3) in the Franklin County Court of Common Pleas, Columbus, Ohio, on or about June 22, 2000, and was sentenced for that conviction on or about November 13, 2000, in Case No. 99-cr-4240. Likewise, he was convicted of receiving stolen property (F4) in the Franklin County Court of Common Pleas, Columbus, Ohio, on or about March 15, 2001, and was sentenced for that conviction or about the same day, in Case No. 00-cr-4370.

18. On February 28, 2019, ATF Special Agent James Bajus determined, based on the description of the Iver Johnson Campion 12 gauge shotgun, that the firearm was not manufactured in the State of Ohio and would have affected interstate and/or foreign commerce prior to arriving in Ohio. Likewise, on February 28, 2019, Agent Bajus determined, based on the description of the DPMS Panther Arms A-15, .223/5.56mm rifle, that the firearm was not manufactured in the State of Ohio and would have affected interstate and/or foreign commerce prior to arriving in Ohio.

19. Based on the information and events described above, and my training and experience dealing with federal narcotics and firearm violations, I believe probable cause exists to believe that on February 27, 2019, in the Southern District of Ohio, Lawrence A. SEAGRAVES, Jr. knowingly possessed with intent to distribute Oxycodone, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). I also believe probable cause exists to show that on February 27, 2019, in the Southern District of Ohio, Lawrence A. SEAGRAVES, Jr., having been previously convicted of one or more offenses punishable by more than one year imprisonment, knowingly possessed one or more firearms which were not manufactured in the State of Ohio and therefore travelled in and/or affected interstate commerce—to wit, an Iver Johnson Champion 12 gauge shotgun and a DPMS Panther Arms A-15, .223/5.56mm rifle—in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Antonio Kelly
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 28th day of February, 2018.

Chelsey M. Vascura
United States Magistrate Judge
Southern District of Ohio

4